**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| S.A.S.B. CORPORATION d/b/a ) | |
| OKEECHOBEE DISCOUNT DRUG and ) | |
| ARCARE d/b/a BALD KNOB MEDICAL ) | |
| CLINIC,  individually and as the ) | |
| representative of a  class of similarly-situated ) | |
| persons, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 16-CV-14108 |
| ) | |
| CONCORDIA PHARMACEUTICALS, ) | |
| INC., SHIONOGI PHARMA, INC., ) | |
| LACHLAN PHARMACEUTICALS, ) | |
| ZYLERA PHARMACEUTICALS, LLC and ) | |
| JOHN DOES 1-12, ) | |
| ) | |
| Defendants. | |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
**WITH DEFENDANT ZYLERA PHARMACEUTICALS, LLC**

## I.   INTRODUCTION

Plaintiffs, S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARcare d/b/a Bald

Knob Medical Clinic ("Plaintiffs"), on behalf of themselves and a proposed settlement class of

similarly-situated persons (identified herein as the "Settlement Class"), have negotiated a

proposed settlement (the "Settlement") with Defendant Zylera Pharmaceuticals, LLC ("Zylera,"

collectively Plaintiffs and Zylera shall be referred to as the "Settling Parties"). The Settlement

creates a non-reversionary fund of $100,000 for the benefit of the Settlement Class (defined

below). Plaintiffs and their counsel respectfully submit that the Settlement is fair, adequate, and

well within the range of reasonableness.

The Settlement is the product of arm's-length negotiations between the Settling Parties

and their experienced and informed counsel. Indeed, the settlement negotiations were made in

good faith and at arm's length after extensive written and oral discovery, and were facilitated by a neutral mediator, the Hon. Scott Silverman (Ret.), during a day-long mediation. The Settlement obtained represents a significant recovery for the Settlement Class, especially considering Zylera's limited ability to pay a settlement or judgment in this Action. Moreover, the Settlement provides for direct notice to the Class via facsimile, which will be supplemented by a website notice. The notices explain in plain language the terms of the Settlement, the amount of attorneys' fees and expenses Counsel will be seeking, and Settlement Class Members' rights, including the right to opt-out or to object to the Settlement and/or Class Counsel's fee request. As such, the Settlement provides a significant benefit to the Settlement Class now, without the inherent risks of continued litigation, was reached after significant discovery and a day-long mediation, and accords the best notice practicable under the circumstances. Consequently, the Settlement satisfies the criteria for preliminary approval.

II. **OVERVIEW OF THE LITIGATION**

This Action was commenced on March 29, 2016. The operative complaint in this Action, Plaintiffs' First Amended Class Action Complaint, alleges that Defendant Zylera, along with its co-defendants, faxed unsolicited advertisements to Plaintiffs and the putative Class in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). This Action seeks statutory damages for each violation of the TCPA.

On May 31, 2016, the Settling Parties participated in a day-long mediation session facilitated by the Honorable Scott Silverman. Through this mediation process, Plaintiffs were able to review financial documents made available to them by Zylera. These documents confirmed that Zylera has a limited ability to pay a settlement or judgment in this Action. With this knowledge and a firm understanding of the claims and defenses in this Action, and with the

4

approval of the mediator, Plaintiffs and Zylera reached an agreement in principle to resolve the claims against Zylera for $100,000. Thereafter, the Settling Parties worked together to develop a comprehensive set of settlement papers. A copy of the Settlement is attached hereto as Exhibit A.

## III.   THE PROPOSED SETTLEMENT AND SCHEDULE OF EVENTS

### A.   Summary of the Proposed Settlement.

The Settlement requires Defendant Zylera to establish a non-reversionary Settlement Fund of $100,000 for the benefit of the Settlement Class, which is defined as follows:

> All persons who were sent one or more facsimiles between March 30, 2012 and March 30, 2016 by or on behalf of Defendant which did not contain an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Settlement Class are (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

Pursuant to the terms of the Settlement, each Settlement Class Member may submit a claim for up to $150.00. In the event that valid and timely claims submitted exceed the Net Settlement Amount (i.e. the Settlement Fund less fees and expenses awarded by the Court), each valid claimant shall receive a pro rata distribution from the Settlement Fund. Payments to the Settlement Class will be made by check, and members of the Settlement Class shall have 180 days from the date of issuance to cash said payment. The Settlement resolves only those claims alleged against Defendant Zylera and does not settle any of the claims, demands or liabilities against any other defendant in this Action.

In addition to the monetary payments described above, the Settlement provides for the appointment of Plaintiffs as Class representatives, as well as the appointment of Plaintiffs' Counsel (Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and Randall K. Pulliam of

Carney Bates & Pulliam, PLLC) as Class Counsel for the Settlement Class. The Settlement further contemplates, subject to approval of the Court, payment of all reasonable and necessary costs of a third party Claims Administrator, payment of an incentive award of $1,000 for each Plaintiff, and an award of attorneys' fees to Class Counsel in the amount of 25% of the Settlement Fund, plus an award of reasonable out-of-pocket expenses.

**B.      Proposed Schedule of Events**

Consistent with the provisions of the Settlement, Plaintiffs respectfully propose the following schedule for the various Settlement events:

| Date | Event |
|------|-------|
| Five (5) days after entry of Preliminary Approval Order | Deadline for Zylera to provide Class Counsel proof of deposit of $100,000 in Zylera's counsel's Client Trust Account |
| Fourteen (14) days after entry of Preliminary Approval Order | Notice Date and deadline for creation of Settlement Website |
| 45 days after Notice Date | Objection, Opt-Out Deadline |
| 150 days after entry of Preliminary Approval Order | Final Fairness Hearing |

**IV.    LEGAL ANALYSIS**

**A.      Applicable Legal Standards**

Federal Rule of Civil Procedure 23 requires judicial approval of the compromise of claims brought on a class basis.  The procedure for judicial approval of a proposed class action settlement is well established and is comprised of the following:

(1)     Certification of a settlement class and preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval.

(2)     Dissemination of notice of the proposed settlement to the affected class members.

(3)     A formal fairness hearing, or final settlement approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement are presented.

6

*See* Manual for Complex Litigation, Fourth (Fed. Jud. Center 2004), §§ 21.63 *et seq.*; *see also Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007). This procedure safeguards class members' procedural due process rights and enables the Court to fulfill its role as guardian of class interests. *See* 4 Newberg on Class Actions, § 11.22 *et seq.* (4th ed. 2002) ("Newberg").

At this juncture and with this motion, Plaintiffs respectfully request that the Court take the first steps in the settlement approval process by granting preliminary approval of the proposed Settlement; certifying the proposed Settlement Class; and directing that notice be disseminated to the Settlement Class pursuant to the proposed notice program.

### B.    Preliminary Approval of the Settlement is Appropriate.

Public policy strongly favors settlements, particularly where complex class action litigation is concerned. *See In re Checking Account Overdraft Litig.,* 830 F.Supp.2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").

While the decision to approve or reject a settlement is "left to the sound discretion of the trial court," (*see Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984), courts in this circuit recognize that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies, and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D.

Fla. 2011); *Wilson v. Everbank, N.A., Std. Guar. Ins. Co*., 2015 U.S. Dist. LEXIS 178147 (S.D. Fla. Aug. 28, 2015) (same).

Here, the proposed Settlement satisfies the standard for preliminary approval because: (a) it is within the range of possible approval; (b) there is no reason to doubt its fairness because it is the product of arms-length negotiations between the parties and before an experienced and respected mediator and was only reached after adequate discovery of the facts and the law; and (c) Plaintiffs and Class Counsel believe it is in the best interest of the Settlement Class.

### 1.    The Settlement Falls Within the Range of Possible Approval

"In determining whether a settlement is fair in light of the potential range of recovery, the Court is guided by the important maxim [] that the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *In re Checking Account Overdraft Litig*., 830 F. Supp. 2d at 1350 (internal quotations omitted) (approving a settlement that provided recovery of 9% to 45% of potential recovery that could have been potentially been obtained through trial). Indeed, "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988) *aff'd sub nom. Behrens v. Wometco Enters*., 899 F.2d 21 (11th Cir. 1990).

Here, the Settlement creates a common fund of $100,000, and affords Settlement Class Members an individual recovery up to $150.00. This is an exceptional result, especially in light of the fact that confidential internal documents reviewed during the mediation process revealed that Zylera would not be able to withstand a greater amount through settlement or judgment.

In sum, in contrast to the tangible, immediate benefits of the Settlement, the outcome of continued litigation and a trial against Zylera is uncertain, with the real risk that Plaintiffs would

not be able to recover a greater amount. As such, the Settlement falls within the range of reasonableness.

### 2.    The Settlement is the Product of Good Faith, Informed, and Arm's-Length Negotiations

"At the preliminary approval stage, district courts consider whether the proposed settlement appears to be 'the result of informed, good-faith, arms'-length negotiation between the parties and their capable and experienced counsel' and not 'the result of collusion[.]" *Wilson v. Everbank, N.A., Std. Guar. Ins. Co.*, 2015 U.S. Dist. LEXIS 178147 (S.D. Fla. Aug. 28, 2015) (quoting *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1341 (S.D. Fla. 2011)). Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable. *See* 4 Newberg § 11.41; Manual for Complex Litigation (Third) § 30.42 ("a presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel").

Here, the Settlement was reached after informed, extensive arm's-length negotiations. First, the Settlement was reached after a thorough investigation into and discovery of the legal and factual issues in the Action.  In particular, before filing suit, Class Counsel conducted an extensive investigation into Plaintiffs' claims and the potential defenses available to the Defendants. Second, the Settlement was only reached after the parties participated in a day-long mediation before experienced mediator, the Hon. Scott Silverman (Ret.). This mediation session was informed through the exchange of confidential information and documents, including, but not limited to, financial documents confirming Zylera has a very limited ability to pay a settlement or judgment in this Action. As such, it is clear that the Settlement was reached only after Class Counsel conducted an investigation into and discovery of Zylera's alleged

9

misconduct, applicable law, and Zylera's financial condition. With this information, Class Counsel was able to adequately balance the benefits of settlement against the risks of further litigation. Nothing in the course of the negotiations or in the substance of the proposed Settlement presents any reason to doubt the Settlement's fairness.

### 3. The Recommendation of Experienced Counsel Favors Approval

In considering a proposed class settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *11 (N.D. Cal. Feb. 2, 2009); *see also Linney v. Cellular Alaska Partnership*, 1997 WL 450064, at 5 (N.D. Cal. July 18, 1997). Here, Class Counsel endorse the Settlement as fair, adequate, and reasonable.

Class Counsel have extensive experience litigating and settling consumer class actions and other complex matters and have conducted an extensive investigation into the factual and legal issues raised in this Action. Using their experience and knowledge, Class Counsel have weighed the benefits of the Settlement against the inherent risks and expense of continued litigation, and they strongly believe that the proposed Settlement is fair, reasonable, and adequate. The fact that qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and adequate weighs heavily in favor of approving the Settlement.

### C. Conditional Certification of the Settlement Class is Appropriate

The Settlement Class here satisfies the requirements of Rules 23(a) and (b).

### 1. Rule 23(a) is Satisfied

Rule 23(a) sets forth four prerequisites for class certification: numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a); *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 489, (S.D. Fla. 2003). Plaintiffs satisfy all four requirements as set forth below.

Plaintiffs have determined that there are approximately 60,000 Settlement Class Members in this Action, joinder of which is impracticable.  Accordingly, the Settlement Class is sufficiently numerous to satisfy Rule 23(a)(1).

With regard to Rule 23(a)(2), questions of law or fact common to the Settlement Class include, among others, the following:  (1) whether Zylera sent advertisements by facsimile, (2) whether said advertisements advertised the commercial availability or quality of property, goods or services, (3) whether said advertisement were sent by fax without Zylera first obtaining the recipient's express permission or invitation, and (4) whether Zylera violated the TCPA by failing to include an opt-out notice on each advertisement sent by fax. Accordingly, this prerequisite is satisfied.

Rule 23(a)'s typicality and adequacy prongs are also satisfied in this Action as the named Plaintiffs' claims stem from the same common course of conduct as the claims of the Class Members, are based on the same legal theory, and are not antagonistic to the claims or interests of other Settlement Class Members. Moreover, Class Counsel have extensive experience litigating and settling class actions and have and will continue to vigorously protect the interests of the Settlement Class.

Accordingly, Rule 23(a) is satisfied.

> **2.      Rule 23(b) is Satisfied**

In addition to the requirements of Rule 23(a), at least one of the prongs of Rule 23(b) must be satisfied. Here, the proposed Settlement Class satisfies Rule 23(b)(3), which permits a class action if the Court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

More particularly, the common issues, as set forth above, arise from a common course of conduct, and there is likely to be common evidence whether Defendant's actions violated applicable law. Moreover, any manageability problems that may have existed in this case are eliminated by the proposed Settlement. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial.") Accordingly, Rule 23(b) is satisfied.

### D.    The Proposed Notice Program is Appropriate and Should be Approved

The proposed forms of notice and notice program fully comply with due process and Fed. R. Civ. P. 23. Rule 23(c)(2)(B) requires:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

The notice must also include a general description of the proposed settlement. *See id.*

Here, the Settlement requires Plaintiffs to provide direct, individual notice of the Settlement to Settlement Class Members via facsimile transmission, utilizing Defendant's

internal records and the facsimile numbers at issue in this Action. A copy of the proposed notice is attached as Exhibit 2 to the Agreement. In addition to the direct notice, notice of the Settlement will be posted on a Settlement Website, along with other pertinent settlement documents, and available for viewing or downloading at a Settlement Class Member's leisure.

Moreover, these notices shall, among other things, advise Settlement Class Members of the pendency of the Action, including the nature of the action and a summary of the claims; the essential terms of the Settlement; the rights of Settlement Class Members to share in the recovery or to request exclusion from the Class; the rights of Settlement Class Members to object to the Settlement and to appear before the Court at the Final Approval Hearing, and will provide specifics on the date, time, and place of the Final Approval Hearing.  The notices also contain information regarding Class Counsel's fee and expense application, and Class Representatives' service awards. Thus, the notices provide the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement.

In short, the form and manner of notice proposed here fulfill all of the requirements of Rule 23 and due process, and Plaintiffs request that the Court direct that notice of the proposed Settlement be given to the Settlement Class.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the proposed Settlement, grant conditional certification of the Settlement Class, approve the proposed notice program and direct that notice be disseminated to the Settlement Class in the form and manner provided, and schedule a Final Approval Hearing and related deadlines.

Dated:  August 12, 2016

Respectfully submitted,

By:    s/ Phillip A. Bock
        Phillip A. Bock
        David M. Oppenheim
        BOCK, HATCH, LEWIS, & OPPENHEIM, LLC
        134 N. La Salle St., Ste. 1000
        Chicago, IL 60602
        Telephone:  312-658-5500

        -and-

        Randall K. Pulliam
        Allen Carney
        CARNEY BATES & PULLIAM PLLC
        2800 Cantrell Rd., Ste. 510
        Little Rock, AR 72202
        Telephone:  501-312-8500

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on August 12, 2016, I electronically filed the foregoing *Plaintiff's Unopposed Motion and Brief Requesting Preliminary Approval* using the ECF System, which will send notification of such filing to all counsel of record.

s/ Phillip A. Bock

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic ("Plaintiffs"), on behalf of themselves and a settlement class of similarly-situated persons (identified herein as the "Settlement Class"), and Zylera Pharmaceuticals, LLC ("Defendant"). The parties to this Agreement are collectively referred to as the "Parties." This Agreement is entered into as of the date it is signed by the last of the Parties to sign it.

WHEREAS, Plaintiffs and Defendant are parties to a civil action entitled *S.A.S.B. Corporation d/b/a Okeechobee Discount Drug, et al. v. Concordia Pharmaceuticals, Inc., et al.*, Case No. 16-CV-14108, pending in the United States District Court for the Southern District of Florida (the "Court") and were parties to a civil action that has since been dismissed entitled *ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic, et al. v. Zylera Pharmaceuticals, LLC,* Case No. 1:16-cv-00378 in the Middle District of North Carolina (collectively the "Litigation"); and

WHEREAS, Plaintiffs allege on behalf of themselves and a putative class that Defendant and its co-defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated by the Federal Communications Commission by faxing certain advertisements without the prior express invitation or permission of Plaintiffs or the putative class members or without a valid opt-out notice; and

WHEREAS, Defendant denies all liability for the claims made in the Litigation and specifically denies, among other allegations, that the facsimiles it sent were advertisements, that they were sent without Plaintiffs' prior express invitation or permission, that opt-out notices were required or were non-complaint, or that Plaintiffs suffered a concrete and particularized harm that is fairly traceable to the challenged conduct; and

1

**WHEREAS**, Plaintiffs' attorneys have investigated the relevant facts and researched the law relating to the Litigation, concluding, among other things, that Defendant successfully sent approximately 291,000 challenged facsimiles during the class period; and

**WHEREAS**, Plaintiffs' attorneys have also concluded that Ulesfia, the product described in some of the challenged faxes at issue, is co-defendants Concordia Pharmaceuticals, Inc.'s, Shionogi Pharma, Inc.'s, and Lachlan Pharmaceuticals' product; and

**WHEREAS**, Plaintiffs' attorneys have determined, following review of financial documents made available to them by Defendant as part of a mediation process led by the Hon. Scott Silverman (Ret.), that Defendant has a very limited ability to pay a settlement or judgment in this litigation, in the event Plaintiffs were to succeed;

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendant has agreed to settle all claims, demands, and liabilities between it and Plaintiffs and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, the Plaintiffs and the Class do not settle any of the claims, demands, and liabilities between any of the other defendants in the Litigation and Plaintiffs and the Settlement Class; and

**WHEREAS**, Defendant has agreed to make available, subject to paragraph 5 below, a total of $100,000.00 to fund the settlement, which shall be available to pay class members who submit valid claims as further defined herein, to pay fees and out of pocket litigation expenses to Plaintiffs' counsel, to pay an incentive award to Plaintiffs, and to pay the costs of notifying the Settlement Class and administering the settlement (the "Settlement Fund"); and

**WHEREAS**, Plaintiffs and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this settlement, (2) the fact that Defendant has demonstrated that it will vigorously oppose the claims asserted in the Litigation if the settlement is not approved; (3) the attendant risks, costs, uncertainties, and delays of litigation; (4) the risks, costs, uncertainties, and delays of prosecuting the case going forward; and (5) Defendant's limited ability to pay a settlement or judgment against it; and

**WHEREAS,** the settlement reduced to writing in this Agreement was negotiated among the Parties in good faith and at arm's length after extensive informal discovery and after a day-long mediation; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiffs and the entire Class against Defendant only should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.      Recitals. The above described recitals are incorporated herein and made a part hereof.

2.      Settlement. This Agreement is entered into to resolve all disputes between Defendant, Plaintiffs, and the Settlement Class. The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Agreement is null and void and may not be used by any of the Parties for any reason, except that in the event the settlement is not finally approved, Defendant will still pay the expenses of class notice and administration incurred.

3

3.     The Settlement Class. For purposes of settlement, the Parties agree that the Settlement Class shall be defined as:

> All persons who were sent one or more facsimiles between March 30, 2012 and March 30, 2016 by or on behalf of Defendant which did not contain an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Settlement Class are (a) Defendant and its present and former officers, directors, employees, shareholders, insurers, and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.  The parties further agree that Plaintiffs may be appointed as the "Class Representatives" and that Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and Randall K. Pulliam of Carney Bates & Pulliam PLLC may be appointed as "Class Counsel."

4.     Preliminary Approval and Class Notice. Plaintiffs will file an agreed motion for entry of an order preliminarily approving this settlement. Plaintiffs will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit 1 (the "Preliminary Approval Order"). Additionally, Plaintiffs will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request that the Court permit the parties to send that notice to the Settlement Class by facsimile transmission to all unique numbers in the records produced in the litigation (the "Records").  A website will be set up for class members to access the settlement documents, including the notice and claim form.

5.     The Settlement Fund. Defendant has agreed to make a total of $100,000.00 available to settle this case on a common fund basis (the "Settlement Fund").  Upon entry of the preliminary approval order, Defendant shall place the Settlement Fund in its counsel's

Client Trust Account.  Within seven (7) business days of entry of the preliminary approval order, Defendant's counsel shall furnish proof that this has been done to Class Counsel.

6.      The Settlement Administrator.  Class-settlements.com (the "Settlement Administrator") shall serve as the Settlement Administrator.  The Settlement Administrator will administer the Settlement Class notice, assist the class members in completing claim forms, receive the claim forms by facsimile, U.S. mail, and through the settlement website, track and provide notice to the parties for any individual or entity opting out of the Settlement Class, and provide a list of accepted and rejected claims and the total to be paid to each claimant to counsel for the parties.  Upon request, the Settlement Administrator will provide copies of all claim forms to counsel for the parties.  The decisions of the Settlement Administrator with respect to the validity of claims shall be final and binding.  All fees and costs of the Settlement Administrator, including the costs associated with paying third parties to provide notice to the class, shall be paid out of the Settlement Fund.

7.      Notice.  Notice of the settlement will be issued to the fax numbers identified in the Records as having been sent one or more of Defendant's facsimiles. The Parties will request that the Court approve a "Notice of Class Action Settlement with Attached Proof of Claim" in the form attached hereto as Exhibit 2, and request approval to send it by facsimile. Notice shall be sent within 14 days of preliminary approval.

8.      Payments to class members.  Class members will have 120 days from the date set for provision of class notice in the preliminary approval orders to submit claims.  Claims may be submitted by facsimile, U.S. Mail, or via the settlement website.  Claiming class members shall receive their per fax, pro rata share of the Settlement Fund less attorney's fees, expenses, administration costs, and incentive awards, up to $150.00 per fax.  Any member of

the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. All Class members will be informed that checks containing payments must be cashed within 180 days of issuance or else the check will be void and they will have no further right or entitlement to any payment under the terms of this settlement nor any further right to opt-out. Any money remaining in the Settlement Fund after the check void date shall be distributed as *cy pres* to charitable entities proposed by Class Counsel and approved by the Court.

9.      Final Approval. The preliminary approval order will set a date for a final fairness hearing. At the final fairness hearing, Plaintiffs and Defendant will request that the Court enter the "Final Approval Order and Judgment of Classwide Settlement" in the form attached hereto as Exhibit 3 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void.

10.      Incentive Award, Attorneys' Fees, and Expenses. Plaintiffs shall be paid an incentive award from the Settlement Fund of $1,000.00 each for representing the Settlement Class, subject to the Court's approval. In addition, Class Counsel shall be paid 25% of the Settlement Fund ($25,000.00) as attorneys' fees from the Settlement Fund plus their reasonable out-of-pocket expenses, subject to the Court's approval. Defendant will not object to a request for these amounts, nor will Defendant appeal any award of these amounts. The

awarded amounts will be set forth in the Final Approval Order and shall be paid from the Settlement Fund in accordance with paragraph 12 below.

11.     Effective Date.  This Agreement shall not be effective until the Effective Date. "Effective Date" means the later of (a) the date on which the Court enters the Final Approval Order, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiffs) who do not properly exclude themselves as provided in this Notice or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

12.     Payment of Claims, Incentive Award and Class Counsel Fees.  Five (5) days after the Effective Date, Defendant shall pay to Class Counsel the attorneys' fees, expenses, and incentive awards approved by the Court in its Final Approval Order by wire transfer to the Claims Administrator who is permitted to enter into any and all agreements with Class Counsel and third parties to provide for such periodic payment of fee awards.  In addition, five (5) days after the Effective Date, Defendant shall pay the Settlement Administrator a sum, up to the remainder of the Settlement Fund, sufficient to cover the settlement checks to Class Members.  The Settlement Administrator shall issue checks in the appropriate amounts to the Settlement Class members who submitted timely, valid claims.  Checks issued to the Settlement Class members will be void 181 days after issuance.

13.   <u>Releases</u>.   (A)   Subject to and effective upon entry of the Final Approval Order, all class members, including Plaintiffs, who do not opt out of the proposed Settlement Class ("the Releasors") as required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant (and its subsidiaries, officers, members, managers, employees, owners and representatives) ("the Released Parties") from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendant's transmission of facsimiles (the "Released Claims"). The Settlement Class will not release claims regarding facsimiles against anyone other than Defendant and its subsidiaries, officers, members, managers, employees, owners and representatives.   Notwithstanding anything else in this paragraph, the Settlement Class does not release any claims against Shionogi Pharma, Inc., Concordia Pharmaceuticals, Inc., or Lachlan Pharmaceuticals.

If any of the Releasors reside in California or are otherwise subject to California law, then such Releasors hereby waive all rights under Section 1542 of the Civil Code of California. That section reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Agreement is intended to include, without limitation, in addition to the Released

8

Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

This release does not apply to actions brought by the government.

**(B)** Subject to and effective upon entry of the Final Approval Order, Defendant, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, releases and forever discharges Plaintiffs (and each of their current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to the "Released Claims.

14.     <u>Claims Enjoined</u>. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant (and its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, members,

managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) about the Released Claims; and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit against Defendant (including by seeking to amend a pending complaint or including class allegations in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.  All other pending matters/proceedings filed by others related to the Released Claims, whether known or unknown, shall be deemed stayed upon the Court's filing of an Order preliminarily approving this Settlement and exercising jurisdiction over the Released Claims and the Settlement Class.

This injunction does not apply to actions brought by the government.

15.     <u>Cooperation</u>. The Parties agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

16.     <u>Agreement Contingent Upon Entry of Final Approval</u>.  This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Agreement shall be null and void and neither the fact that this Agreement was made nor any stipulation, representation, agreement or assertion made in this Agreement may be used against any Party.   The class, which shall be provisionally certified for settlement purposes only, shall revert back to its pleading status and all proceedings shall remain as they were prior to the entry of the Order preliminarily approving the settlement.

17.     Notices.  Requests for exclusion and objections to the Agreement or settlement shall be sent to the Settlement Administrator, and notices regarding rejected claims shall be sent to:

Phillip A. Bock                                          Saul Perloff
Bock, Hatch, Lewis & Oppenheim LLC                       Norton Rose Fulbright US LLP
134 N. LaSalle St., Suite 1000                           300 Convent St., Suite 2100
Chicago, IL 60602                                        San Antonio, TX 78205
*Class Counsel*                                          *Counsel for Defendant*

18.     Court Submission. Class Counsel will submit this Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval of this Agreement.

19.     Integration Clause. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

20.     Headings. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

21.     Binding and Benefiting Others. This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Settlement Class Members who do not validly opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

22.     Representations and Warranties. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

23.     Governing Law. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Florida, without regard to its conflict of laws and/or choice of law provisions.

24.     Mutual Interpretation. The Parties agree and stipulate that this Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendant have drafted the Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties. Plaintiffs acknowledge, but does not concede or agree with, Defendant's statements regarding the merits of the claims, and Defendant acknowledge, but do not concede to or agree with, Plaintiffs' statements regarding the merits of the claims.

25.     Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Agreement as though they are original signatures.

26.    Severability. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within fourteen (14) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

27.    Continuing Jurisdiction. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the Released Claims, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

13

**S.A.S.B. CORPORATION d/b/a OKEECHOBEE DISCOUNT DRUG**, on behalf of itself and the Settlement Class:

Dated: _____

By: _____
Name: _____
Title: _____


**ARCARE d/b/a BALD KNOB MEDICAL CLINIC**, on behalf of itself and the Settlement Class:

Dated: 8/08/16

By: _____
Name: Steven F. Collier, MD
Title: Chief Executive Officer


**ZYLERA PHARMACEUTICALS, LLC,**

Dated: _____

By: _____
Name: Robert Moscato
Title: Manager/Member

14

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| S.A.S.B. CORPORATION d/b/a OKEECHOBEE DISCOUNT DRUG and ARCARE d/b/a BALD KNOB MEDICAL CLINIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CLASS ACTION |
| v. | ) ) ) | No. 2:16-cv-14108-KAM |
| CONCORDIA PHARMACEUTICALS, INC., SHIONOGI PHARMA, INC., LACHLAN PHARMACEUTICALS, ZYLERA PHARMACEUTICALS, LLC and JOHN DOES 1-12, | ) ) ) ) ) ) ) | Judge Kenneth A. Marra Magistrate Judge Frank J. Lynch, Jr. |
| Defendants. | ) ) | |

**ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS AGAINST ZYLERA**

This matter coming before the Court on the "Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class" (the "Motion"), after review and consideration of the Parties' Settlement Agreement and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.      By stipulation of the Parties, and pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies the following Settlement Class: "All persons who were sent one or more facsimiles between March 30, 2012 and March 30, 2016 by or on behalf of Defendant Zylera Pharmaceuticals, LLC, which did not contain an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)."   The Parties expressly agreed to this Settlement Class definition for settlement purposes. Excluded from the Settlement Class are (a) the Defendant and its present and former officers, directors, employees and their successors, heirs, assigns, and legal representatives; and (b) the Court and its officers.

1

2.      The Court finds that class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

3.      The Court appoints plaintiffs S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic ("Plaintiffs") as the "Class Representatives" and appoints Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC and Randall K. Pulliam of Carney Bates & Pulliam PLLC as "Class Counsel."

4.      Pursuant to Rule 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved.

5.      The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

6.      The Settlement Agreement proposes notice to the Settlement Class by facsimile transmission to all unique numbers in the records produced in the litigation and by maintaining a settlement website. The Court finds that such notice satisfies the requirements of due process and Rule 23. The plan is approved and adopted. The Court orders that the Parties provide the notice to the Settlement Class as proposed in the Settlement Agreement.  The Court approves the form of the Notice as contained in Exhibit 2 to the Settlement Agreement.  The Court also approves Class-Settlements.com as the Settlement Administrator.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

      (a)      The Notice shall be sent by the Settlement Administrator on or before _____, 2016;

      (b)      Requests by any Settlement Class member to opt out of the settlement must be submitted to Class Counsel (with a copy to Defendants' Counsel) on or before _____, 2016, or be forever barred; and

      (c)      Objections and motions to intervene, including supporting memoranda, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel, on or before _____, 2016, or be forever barred.

8.      Pending final determination of whether the Settlement should be finally approved, all Settlement Class members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims.

9.      The final approval hearing, set forth in the Class Notice, is hereby scheduled for _____, 2016, at _____ a.m./p.m., in Room _.


                  ENTER:


                  _____

                  The Honorable Judge Kenneth A. Marra

# EXHIBIT 2

**EXHIBIT 2**
**This is a notice of a lawsuit settlement, not a lawsuit against you.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| S.A.S.B. CORPORATION d/b/a OKEECHOBEE DISCOUNT DRUG and ARCARE d/b/a BALD KNOB MEDICAL CLINIC, individually and as the representatives of a class of similarly-situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> CONCORDIA PHARMACEUTICALS, INC., SHIONOGI PHARMA, INC., LACHLAN PHARMACEUTICALS, ZYLERA PHARMACEUTICALS, LLC and JOHN DOES 1-12, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **CLASS ACTION** <br><br> **No. 2:16-cv-14108-KAM** <br><br> **Judge Kenneth A. Marra** **Magistrate Judge Frank J. Lynch, Jr.** |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:** **All persons who were sent one or more facsimiles between March 30, 2012 and March 30, 2016 by or on behalf of Defendant Zylera Pharmaceuticals, LLC, which did not contain an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii) (the "Settlement Class").**

You have been sent this Notice because your fax number is contained on a list of fax numbers to which advertising faxes may have been sent such that you may be a member of the Settlement Class defined above. This Notice informs you about a proposed Class Action Settlement. You have the right to participate in or object to this proposed Settlement or exclude yourself from the settlement; instructions for doing so are below. You may be entitled to a portion of the Settlement Fund; however, you must complete and timely submit a Proof of Claim to recover. If you do nothing you will not receive any payment but will be bound by the terms of the Settlement if approved.

**A.** **WHAT IS THIS LAWSUIT ABOUT?**

This action is pending in the Southern District of Florida. Plaintiffs, S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic ("Plaintiffs") filed this class action lawsuit against Zylera Pharmaceuticals, LLC ("Defendant"), as well as three other companies (collectively, "Defendants").   The suit alleges that Defendants violated the federal Telephone Consumer Protection Act ("TCPA") by faxing unsolicited advertisements between March 30, 2012 and March 30, 2016, or advertisements without complaint opt-out notices.   Defendants deny Plaintiffs' claims; and, have raised certain defenses.   Plaintiffs' and Defendant have agreed to settle all claims against Defendant about advertising faxes allegedly sent by or on behalf of Defendant between

1

March 30, 2012 and March 30, 2016. The settlement does not affect Plaintiffs' claims against the other Defendants, and the litigation against the other Defendants continues. This notice informs you of your rights as a member of the Settlement Class as defined above.

**B.    WHAT IS THE PROPOSED SETTLEMENT?**

Defendant has created a total settlement fund of $100,000.00 (the "Settlement Fund"). If the Court grants final approve to the settlement, each member of the Class who submits a valid and timely Proof of Claim (attached) will receive a check in the amount of their share of the Settlement Fund. The per-fax share of the Settlement Fund is no more than $150.00 per fax for those class members who timely submit the attached claim. If approved, the Settlement Fund will also be used to pay class action settlement administration costs, attorney's fees and expenses, and an incentive award to Plaintiff.

The Court has preliminarily approved the proposed Settlement, and certified the Settlement Class, defined above, subject to a final approval hearing that will occur on _____, 2016, at _____ a.m./p.m., in Room _ in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

**C.    WHAT ARE YOUR FOUR OPTIONS?**

    **1.    Submit a Proof of Claim (attached) to receive a check:** You must submit a completed and executed Proof Of Claim postmarked, faxed, or electronically via **[website]** within ninety (120) days after this Notice is sent, (on or before _____, 2016) to be eligible to be mailed a check for your share of the Settlement Fund.

    **2.    Do nothing:** If the Court grants final approval, you will be bound by the judgment in this case and you will release your claims against Defendant arising from the faxes described above. You will not receive a settlement check unless you are a member of the Class and submit a timely, executed Proof of Claim as described above.

    **3.    Exclude Yourself from the Settlement:** You have the right to exclude yourself from the settlement by mailing a written request for exclusion. Your request must be postmarked on or before _____, 2016, and it must list your name, fax number(s), street address, the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Zylera Settlement."). Mail your exclusion request to the following attorneys, postmarked by that date, and they will notify the Court of your request:

| For Class Counsel: | Defendant's Attorneys: |
|---|---|
| Phillip A. Bock | Saul Perloff |
| Bock, Hatch, Lewis & Oppenheim LLC | Norton Rose Fulbright US LLP |
| 134 N. La Salle St., Ste. 1000 | 300 Convent St., Suite 2100 |
| Chicago, IL 60602 | San Antonio, TX 78205 |

    **4.    Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. Your objection must be postmarked by _____, 2015, and must refer to the name and number of this case (*S.A.S.B. Corporation d/b/a Okeechobee Discount Drugs, et al. v. Concordia Pharmaceuticals, Inc., et*

*al.,* Case No. 16-CV-14108). You must also serve copies of your objection on Class Counsel and Defendant's attorneys (identified above), postmarked by the same date. Your objection must include your name, fax number, and street address, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not sufficient to simply state that you object; you must state your reasons. Additionally, if you want the Court to consider your objection, then <u>you must also appear</u> at the final approval hearing in Room 11-3 in the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128, on _____, 2016, at _____ a.m./p.m. <u>YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT</u>.

## D.   <u>WILL THE COURT APPROVE THE SETTLEMENT</u>?

The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2016, at _____ a.m./p.m., in Room _ in the United States District Court for the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement and want to be heard. The hearing may be continued to a future date without further notice.

## E.   <u>WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION</u>?

Plaintiffs S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic are the class representatives. Plaintiffs' attorneys have been appointed as Class Counsel. They are: Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and Randall K. Pulliam of Carney Bates & Pulliam PLLC. These attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award each plaintiff an incentive award of $1,000 for serving as the class representatives and ask the Court to award Class Counsel attorneys' fees equal to 25% of the settlement fund for their legal services ($25,000.00), plus reimburse them for their out-of-pocket expenses from the Settlement Fund. You will not have to pay any money to Class Counsel.

You may retain a separate attorney to represent your interests for purposes of the Settlement if you choose.

## F.   <u>INQUIRIES</u>:

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE KENNETH A. MARRA**

**S.A.S.B. Corporation d/b/a Okeechobee Discount Drug v. Zylera Pharmaceuticals, LLC, Case No. 16-cv-14108**

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund:*

**1.      You Must Provide Your Contact Information.**

Name:_____

Company: _____

Address: _____

City/State/Zip Code: _____

Fax Number(s): _____
                          [List all numbers.  You may attach a separate sheet.]

**2.      You Must Verify Ownership of the Fax Number(s) Listed in #1 above:**

(a)     "The fax number(s) identified above or attached to this claim form was/were mine or my company's throughout the period March 30, 2012 to March 30, 2016."

_____
                          (Sign your name here)

              ***OR***

(b)     "The fax number(s) identified above or attached to this claim form was/were **not** mine or my company's throughout the period March 30, 2012 to March 30, 2016." Explain when you obtained the fax number(s) identified in #1 above or attached to this claim form:

_____
_____
_____

_____
                          (Sign your name here)

**3.      You Must Return this Claim Form by [120 days]_____, 2015:**

a.      Fax this Claim Form to:  <fax number for claims >

              ***OR***

b.      Mail this Claim Form to:  [CLAIMS ADMINISTRATOR]

              ***OR***

c.      Submit this claim form electronically at **[website]**

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

S.A.S.B. CORPORATION d/b/a OKEECHOBEE )
DISCOUNT DRUG and ARCARE d/b/a BALD )
KNOB MEDICAL CLINIC, individually and as )
the representatives of a class of similarly-situated )
persons, )
                                      )      CLASS ACTION
           Plaintiffs, )
                                     )      No. 2:16-cv-14108-KAM
     v. )
                                       )      Judge Kenneth A. Marra
CONCORDIA PHARMACEUTICALS, INC., )      Magistrate Judge Frank J. Lynch, Jr.
SHIONOGI PHARMA, INC., LACHLAN )
PHARMACEUTICALS, ZYLERA )
PHARMACEUTICALS, LLC and JOHN DOES )
1-12, )
                                       )
           Defendants. )

**<u>FINAL APPROVAL ORDER</u>**

       The matter coming before the for a fairness hearing on _____, 2016, on the request

for final approval of the class action settlement by Plaintiffs, S.A.S.B. Corporation d/b/a

Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic ("Plaintiffs"), and

Defendant, Zylera Pharmaceuticals, LLC ("Defendant"), due notice given, the parties appearing

through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

       1.       This Court has jurisdiction over the parties, the members of the Settlement Class,

and the claims asserted in this lawsuit.

       2.       Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of

this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as

a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class

in light of the factual, legal, practical and procedural considerations raised by this case.

3.      The Settlement Class is defined as follows: "All persons who were sent one or more facsimiles between March 30, 2012 and March 30, 2016 by or on behalf of Defendant Zylera Pharmaceuticals, LLC, which did not contain an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii)."  Excluded from the Settlement Class are Defendants, its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons, officers, directors, agents, servants, and employees and the immediate family members of such persons as well as the judges and staff of the United States District Court for the Southern District of Florida. The parties expressly agreed to the Settlement Class definition solely for settlement purposes.

4.      The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5.      The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

6.      The Court appoints Plaintiffs, S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic, as the "Class Representatives" and appoints attorneys Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and Randall K. Pulliam of Carney Bates & Pulliam PLLC as "Class Counsel."

7.      Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

8.      Upon the Declaration of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

9.      _____ objections were received. The Court overrules all objections.

10.     The following persons validly requested exclusion from the Settlement Class and the settlement and therefore, they are excluded from both: _____.

11.     After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

12.     Defendant has created a settlement fund of $100,000.00 (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court.

13.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to

3

exceed $150.00 per fax sent them from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 180 days after issuance and any amount from voided checks or otherwise remaining in the Settlement Fund shall be given as *cy pres* to charities selected by Class Counsel and approved by the Court.

14.     As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $25,000.00 and out-of-pocket expenses of $_, including the cost of settlement administration, based on Counsel's submission of detailed invoices regarding same. Those amounts shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

15.     As agreed between the parties, the Court approves a $1,000 incentive award to each of S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ARCare d/b/a Bald Knob Medical Clinic for serving as the Class Representative.  In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

16.     The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement.  The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17.     This action, including all claims against Defendant (and its subsidiaries, officers, members, managers, employees, owners and representatives) asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant (and its subsidiaries, officers, members, managers, employees, owners and representatives) are hereby dismissed with prejudice and without taxable costs to any Party.

18.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant (and its subsidiaries, officers, members, managers, employees, owners and representatives) or its Insurer, in this Court or any other court or forum. Defendant (and its subsidiaries, officers, members, managers, employees, owners and representatives) may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

20.     The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class and Defendant to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

21.     The Court finds that there is no just reason to delay the enforcement of this Final

Approval Order and Judgment.

                                        BY ORDER OF THE COURT


Dated: _____            _____

                                        Hon. Judge Kenneth A. Marra

6