UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14108-CIV-MARRA

S.A.S.B. CORPORATION d/b/a
OKEECHOBEE DISCOUNT DRUG,
and ARCARE d/b/a BALD KNOB
MEDICAL CLINIC, individually and
as the representative of a class of
similarly situated persons,

Plaintiffs,

vs.

CONCORDIA PHARMACEUTICALS, INC.,
et al.,

Defendants.
_____/

**ORDER DISMISSING DEFENDANT FOR LACK OF PERSONAL JURISDICTION**

This cause is before the Court upon Defendant Lachlan Pharmaceuticals' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to Perfect Service and Failure to State a Claim (DE 127).  The Motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiffs S.A.S.B. Corporation d/b/a Okeechobee Discount Drug and ArCare d/b/a Bald Knob Medical Clinic (collectively, "Plaintiffs") have brought a two-count First Amended Class Action Complaint ("FAC") for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and for Conversion against Defendants Concordia Pharmaceuticals, Inc. ("Concordia"), Shionogi Pharma, Inc. ("Shionogi"), Lachlan Pharmaceuticals ("Lachlan"), Zylera

Pharmaceuticals, LLC ("Zylera"),[1] and John Does 1-12. (FAC, DE 33.) According to the FAC, Plaintiffs received unsolicited facsimile ("fax") advertisements for the prescription lice treatment, Ulesfia. (FAC ¶¶ 18-20, Exs. A and B.) Defendants sent, or caused these advertisements to be sent, to Plaintiffs. (FAC ¶ 21.)

    A.  Facts relating to personal jurisdiction

        1.  Facts alleged in the FAC

According to the FAC, Lachlan is a foreign corporation operating under the laws of Ireland.  Lachlan is a pharmaceutical company that transacts business in the United States, including in Florida, including profiting from the marketing and sale of Ulesfia. (FAC ¶ 13.)  On January 6, 2014, Concordia announced a distribution agreement with Lachlan concerning Ulesfia. (FAC ¶ 29.) This press release stated that "Lachlan has an agreement to commercialize Ulesfia Lotion in the United States" and that the "Agreement for Ulesfia Lotion with Lachlan provides Concordia access to Zylera's seasoned sales force as well as their wholesale and retail network." (FAC ¶ 30.)  Lachlan has gained revenue from the sales of Ulesfia. (FAC ¶ 32.)  At the time the subject faxes were sent by Zylera, Lachlan was aware that Zylera would be marketing Ulesfia. (FAC ¶¶ 31, 33.)  Zylera was authorized by the other Defendants to market Ulesfia and Lachlan did not direct Zylera "not to market Ulesfia by facsimile." (FAC ¶ 34.)

        2. Evidence provided by Lachlan

In support of its motion to dismiss, Lachlan submitted a sworn declaration refuting the unsworn allegations of Plaintiffs' FAC.  According to Lachlan's sworn declaration, it has no

---

[1] This Defendant and Plaintiffs have entered into a settlement. (DE 89.)

office and owns no real property in Florida. (David McDonald Decl. ¶3, DE 127-1.) Lachlan does not pay taxes and is not registered to do business in Florida. (Id. at ¶ 4.) Lachlan has no contracts with anyone in Florida. (Id. at ¶ 5.)

In January of 2014, Concordia entered into an agreement which made Lachlan the exclusive distributor of Ulesfia in the United States. (Id. at ¶ 6.) Lachlan then entered into an agreement with Zylera, making Zylera the exclusive distributor of Ulesfia in the United States. (Id. at ¶ 7.) Lachlan does not distribute or sell any products or accept orders from anyone in Florida. (Id. at ¶ 8.)

Lachlan did not develop Ulesfia and does not manufacture, market, promote, distribute or sell any other product in the United States. (Id. at ¶ 10.) Lachlan does not instruct nor manage Zylera's activities in connection with Ulesfia. (Id. at ¶ 11.) Lachlan did not ask Zylera to create or send the faxes at issue and Zylera did not inform Lachlan that it had created, intended to send or sent the faxes. (Id. at ¶¶ 12-13.)

B. Arguments of the parties

Defendant moves to dismiss the FAC for lack of personal jurisdiction, failure to state a claim and failure to serve Defendant in a timely manner. In moving to dismiss for lack of personal jurisdiction, Defendant contends there is no basis for specific or general jurisdiction and its contacts with the state of Florida are insufficient to satisfy due process. With respect to the motion to dismiss for failure to state a claim, Defendant states the FAC does not plead that Defendant sent the fax or that Ulesfia is Defendant's good or service. Additionally, Defendant contends that Plaintiffs' damages have been extinguished by the settlement with Zylera. Finally, Defendant moves for dismissal because Plaintiffs did not serve Defendant until nearly a year

after Defendant was added to the lawsuit and has not shown good cause for the delay.

Plaintiffs assert personal jurisdiction over Defendant on several bases, including that Defendant committed a statutory tort, conducted a business and had substantial activity in the state of Florida. With respect to the motion to dismiss for failure to state a claim, Defendant is a "sender" under the TCPA because the faxes were sent on its behalf and it advertised the product. Regardless of the settlement, Plaintiffs claim that the conversion count may proceed. Lastly, Plaintiffs state that Rule 4(m) of the Federal Rules of Civil Procedure does not apply to service in a foreign country.

II. Discussion

Defendant has moved for relief under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "The Eleventh Circuit has held that in deciding Rule 12(b) motions to dismiss, district courts should, as an initial matter, address any personal jurisdiction arguments raised by defendants." Mother Doe I v. Al Maktoum, 632 F. Supp. 2d 1130, 1134 (S.D. Fla. 2007) (citing Madara v. Hall, 916 F.2d 1510, 1513–14 (11th Cir.1990)).

To determine whether a nonresident defendant is subject to personal jurisdiction, two requirements must be met: 1) the Florida long-arm statute must be satisfied; and 2) the exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Posner, et al. v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir.1999); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Thus, if Florida's long-arm statute is satisfied, the Court must then determine whether sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment, including "traditional notions of fair play and substantial justice." Future Tech. Today, Inc. v. OSF

4

Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000) (per curiam) (citing Sculptchair, 94 F.3d at 626); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Florida's long-arm statute provides for both specific and general personal jurisdiction. Fla. Stat. § 48.193(1)-(2). Specific personal jurisdiction refers to the Court's jurisdiction over a nonresident defendant if the asserted cause of action "arises from" that defendant's actions within the forum. Fla. Stat. § 48.193(1); Melgarejo v. Pycsa Panama, S.A., 537 F. App'x 852, 854 (11th Cir. 2013). General personal jurisdiction refers to the Court's jurisdiction over nonresident defendants who are "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, [and] whether or not the claim arises from that activity." Fla. Stat. § 48.193(2); Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000).

Florida law determines the application of the long-arm statute. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1352 (11 th Cir. 2013) (citing United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Court is required to apply the statute as the Supreme Court of Florida would and "adhere to the interpretations of [the statute] offered by Florida's District Courts of Appeal absent some indication that the Florida Supreme Court would hold otherwise." Louis Vuitton Malletier, S.A., 736 F.3d at 1352 (citing Sculptchair, 94 F.3d at 627).

The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. If by defendant's affidavits or other competent

5

evidence, defendant sustains the burden of challenging plaintiff's allegations, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents. However, where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff.  See Future Tech. Today, Inc., v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); Robinson v. Giarmarco & Bill, P.C., , 74 F.3d 253, 255 (11th Cir. 1996) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)); Exhibit Icons, LLC v. XP Cos., LLC, 609 F. Supp. 2d 1282, 1291-92 (S.D. Fla. 2009).

 The Court begins by examining Plaintiffs' Complaint.  Plaintiffs allege personal jurisdiction over Defendant from Defendant "operating, conducting, engaging in, or carrying on a business or business venture in this state," "[c]ommitting a tortious act within this state"[2] or "engag[ing] in a substantial and not isolated activity within this state."  Fla. Stat. §§ 48.193(1)(a)(1)-(2) and (b)(2).

Defendant, however, rebuts each of these allegations.  With respect to conducting a business in the Florida and engaging in substantial activity in Florida, the evidence submitted demonstrates that Defendant has not engaged in a business or substantial activity in Florida.  (See McDonald Decl. ¶¶ 3-5, 8.)   Likewise, Defendant adequately challenges Plaintiffs' allegations that it committed a tortious act in Florida.  While the Complaint alleges that the faxes were sent on behalf of Defendant, Defendant has submitted unrebutted evidence that it does not instruct or manage Zylera, the sender of the faxes.  Additionally, Defendant's evidence shows that

---

[2] TCPA violations are tortious acts. Keim v. ADF MidAtlantic, LLC, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) (citing Bagg v. USHealth Grp., Inc., No. 615CV1666ORL37GJK, 2016 WL 1588666, at *3 (M.D. Fla. Apr. 20, 2016); US Fax Law Ctr., Inc. v. iHire, Inc., 362 F. Supp .2d 1248, 1252 (D. Colo. 2005)).

Defendant did not ask Zylera to create or send the faxes or that Zylera informed Defendant that it had created or sent the faxes. (Id. at ¶¶ 11-13.)

In response, Plaintiffs have not submitted any evidence to substantiate their allegations relating to personal jurisdiction.  As such, the Court finds that Plaintiffs have not met their burden to satisfy compliance with the Florida long-arm statute and the Court need not engage in a due process inquiry.  The Court therefore concludes there is no personal jurisdiction over this Defendant and the case against it must be dismissed on this basis.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendant Lachlan Pharmaceuticals' Motion to Dismiss for Lack of Personal Jurisdiction, Failure to Perfect Service and Failure to State a Claim (DE 127) is **GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART AND DENIED AS MOOT IN PART.**  Defendant Lachlan is dismissed without prejudice for lack of personal jurisdiction**.**  The motion to dismiss for failure to state a claim is denied without prejudice, to raise in the apropriate forum.  The motion to dismiss for failure to perfect service is denied as moot.

The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of December, 2017.

_____
KENNETH A. MARRA
United States District Judge